UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO: 5:13-66-GFVT

DEMARCUS HAMILTON JONES,                                                              PETITIONER,

V.  **MAGISTRATE JUDGE'S REPORT
    AND RECOMMENDATION**

J. C. HOLLAND,
*Warden, FCI- McCreary*                                                               RESPONDENT.

\* \* \* \* \* \* \* \* \*

Petitioner, Demarcus Jones, a prisoner currently incarcerated at the United States Penitentiary, McCreary, Kentucky, in Pine Knot, Kentucky, filed herein a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Record No. 1]. Petitioner seeks to challenge his Kentucky state court conviction in case number 96-CR-0080 from Bourbon Circuit Court. [Id.] Consistent with local practice, the matter has been referred to the undersigned for the preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned will recommend Jones' petition be denied.

I. BACKGROUND

Jones has been convicted in Kentucky, Bourbon Circuit Court of felony offenses on three (3) separate occasions. First, on October 8, 1996, in case number 96-CR-0008, Jones pled guilty to two (2) counts of 1st degree trafficking in a controlled substance, in violation of Kentucky Revised Statute ("KRS") §218A.1412. [*See* Record Nos. 1-1; 1–2]. On these charges, he was sentenced to

a total of five (5) years incarceration [*See* Record No. 1-2]. While still incarcerated, on February 11, 1997, in case number 96-CR-0080, Jones pled guilty to one (1) count of 1st degree trafficking in a controlled substance, in violation of KRS §218A.1412. [*See* Record Nos. 1-1; 1–2]. For this charge, he was sentenced to six (6) years incarceration, to run concurrently with his five (5) year term of imprisonment previously imposed in case number 96-CR-0008.. Throughout these state court matters, Jones was represented by Lee Greenup as counsel. [Record No. 1-2; 5:10-78-KSF-12 Record Nos. 440-1, 440-2].

Jones' was convicted in state court a third time on January 13, 2004, in case number 03-CR-00046, upon his plea of guilty to two (2) counts of attempted murder, in violation of KRS 507.020, and two (2) counts of possession of a firearm by a convicted felon, in violation of KRS 527.040. For these crimes, Jones received a sentence of ten (10) years imprisonment on each count. [5:10-78-KSF-12 Record No. 440-3].

These state court felony offenses impacted Jones' sentence on a subsequent federal felony drug conviction. On June 15, 2010, in U.S. District Court for the Eastern District of Kentucky case number 5:10-78-KSF-12, Jones was charged, by Indictment, with several federal drug trafficking crimes, in violation of 21 U.S. C. §§ 841(a)(1) and 846. Prior to his conviction, the United States filed a 21 U.S.C. § 851 Information and Notice of Prior Convictions*,* notifying the Court of the Government's intent to use Jones' prior state felony drug convictions , 96-CR-0080 and 96-CR-0008, to enhance his federal sentence should he receive one. [Record No. 1-1; 5:10-78-KSF-12 Record No. 275]. Thereafter, Jones pled guilty to one (1) violation of 21 U.S. C. § 841(a)(1) and one (1) of 21 U.S. C. § 846, and, after the preparation of his pre-sentence investigation report, objected to being subject to career offender classification and the enhancement of his impending federal

2

sentence. In response, the United States filed a sentencing memorandum which notified the Court of Jones' prior attempted murder conviction from case 03-CR-00046 and outlined how any combination of two (2) of Jones' three (3) prior felony convictions necessitated his status as a career offender under United States Sentencing Guidelines ("U.S.S.G.") 4B1.1, which calls for classification of a defendant as a career offender if the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. *See* U.S.S.G. 4B1.1. [5:10-78-KSF-12 Record No. 440].

Ultimately, the district court overruled Jones' objection and found him to qualify as a career offender under U.S.S.G. 4B1.1. [*See* 5:10-78-KSF-12 Record Nos. 444; 481]. The Court issued a written Order overruling his objection, specifically noting that Jones' two prior drug felony convictions, 96-CR-0008 and 96-CR-0080, were properly counted in Jones' career offender calculation under U.S..S.G. 4A1.2(a)(2)[1], as well as that Jones' prior attempted murder conviction was properly counted in the calculation pursuant to U.S.S.G. 4B1.2(a) application note 1.[2] [ 5:10-78-KSF-12 Record No.449]. On February 18, 2011, the district court sentenced Jones to 262 months on each federal drug charge, to run concurrently, for a total of 262 months incarceration. [*See* 5:10-

---

[1] U.S..S.G. 4A1.2(a)(2) provides: If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committed the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the say day. Count any prior sentences covered by (A) or (B) as a single sentence.

[2] U.S.S.G. 4B1.2(a) application note 1 provides: "Crime of violence"..." include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."Crime of violence" includes murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

78-KSF-12 Record No. 444].

On March 14, 2013, Jones filed the instant § 2254 petition with this Court. As grounds for habeas corpus relief, Jones argues that his state court trial counsel in case number 96-CR-0080 provided constitutionally ineffective assistance of counsel by failing to inform Jones that his state felony drug conviction could be used in future federal prosecutions to enhance a potential sentence. According to Jones, "had Mr. Greenup investigated and researched federal law and discovered the two or more prior convictions requirement of § 851, and United States Sentencing Guidelines []4B1.1 Career Offender Act, and the possibility of the federal government's intent to use the state prior convictions as qualifying felony drug offenses under federal law to increase his criminal history category to VI and enhance his sentence to the maximum term of 262 months' imprisonment as a career offender...[Jones] would have sustained his plea of not guilty , and insisted on proceeding to trial and preserved all of his rights... in case no. 96-CR-0080." This is Jones' only claim.

Upon initial review of Jones' petition, this Court finds that his ineffective assistance of counsel claim lacks merit and recommends his § 2254 petition [Record No. 1] be denied.

## II. STANDARD OF REVIEW

Subject to a one-year statute of limitations, state prisoners may seek federal habeas corpus relief on the ground that they are being held in custody in violation of the Constitution, law or treaties of the United States. 28 U.S.C. § 2244(d)(1); Reed v. Farley, 512 U.S. 339, 347 (1994). "Federal habeas corpus relief does not lie for errors of state law. . .[and] it is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-8 (1991). Accordingly, the proper inquiry herein is whether the alleged errors violated the Jones' federal rights. Id.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The Supreme Court of the United States presently holds that in order for a defendant to have his or her conviction overturned based upon ineffective assistance of counsel, two elements must be satisfied: (1) the defendant must show that counsel's performance was so defective that he/she was not functioning as counsel as guaranteed under the Sixth Amendment; and, (2) the defendant must show that prejudice resulted from the defective performance. Strickland v. Washington, 466 U.S. 668, 688 (1984). The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. [Id. at 692]. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defendant in order to constitute ineffective assistance. [Id.].

Under the Strickland analysis, the performance inquiry focuses on whether counsel's assistance was reasonable considering the totality of the circumstances. [Id. at 688] The prejudice inquiry focuses on whether the defendant is able to establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. [Id. at 694.] A reasonable probability is a probability sufficient to undermine confidence in the outcome. [Id. at 692]. Thus, an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgement of a criminal proceeding if the error did not affect the judgement. [Id. at 691.] In a guilty plea context, such as the case at bar, while the performance prong of the Strickland test remains the same, to establish prejudice Jones "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); *accord* Griffin v. United States, 330 F.3d 733, 737 (6th Cir. 2003).

Significantly, the reviewing court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id.,at 690. "Defendants alleging the ineffective assistance of counsel bear 'a heavy burden of proof.'" Pough v. United States, 442 F.3d 959, 966 (6th Cir. 2006) (*citing* Whiting v Burt, 395 F.3d 602, 617 (6th Cir. 2005)).

### III. ANALYSIS

In Jones' only claim for habeas relief, he asserts that his trial counsel, Lee Greenup, provided constitutionally ineffective assistance of counsel in Jones' second state court felony drug conviction, case number 96-CR-0080, by failing to advise him that this conviction could be used in the future to enhance a federal sentence, should Jones be convicted of a federal crime in the future. According to Jones, had he known that this conviction in 96-CR-0080 could be used to enhance a potential federal sentence, he would not have chosen to enter into a guilty plea to the single charge against him.

This argument fails on both prongs of Strickland, and provides no basis to grant Jones habeas relief. First, Greenup's failure to advise Jones of the *potential* enhancement his state court conviction *could* have on a *uncommitted* federal crime does not constitute deficient performance. Generally, an attorney's inaccurate prediction about a possible sentence to be imposed in an ongoing criminal case does not satisfy the deficiency prong of Strickland. Salas v. United States, No. 2:06-CR-18, 2012 U.S. Dist. LEXIS 130725 at *20-*21 (E.D. Tenn. Sept. 13, 2012) (citing United States v. Martinez, 169 F.3d 1049, 1053 (7th Cir. 1999) (stating "an attorney's mere inaccurate prediction of sentence does not demonstrate the deficiency component of ineffective assistance of counsel claim")) (citation omitted)); *See also* United States v. Barnes, 83 F.3d 934, 940 (7th Cir. 1996)

6

(finding counsel was not deficient in failing to factor in the defendant's status as a career offender); Thomas v. United States, 27 F.3d 321 (8th Cir. 1994) (holding that lawyer's failure to advise defendant that he could be sentenced as a career offender under the Guidelines does not constitute deficient performance). A defendant's right to be apprised of the court's sentencing options is no greater than the provisions of Fed. R. Crim. P. 11(c)(1), which requires only that the court inform the defendant of the applicable mandatory minimum and maximum sentences. United States v. Lundy, No. 6:08-CR-02-DCR, 2012 U.S. Dist. LEXIS 39553 at *24-*25 (E.D. Ky. Feb. 27, 2012) (citing United States v. Bew, 98 Fed. App'x 554, 556 (7th Cir. 2004) ("Rule 11 does not require a court specifically to identify the applicable guideline provisions.")) Here, the prediction of Jones' qualification as a federal career offender is far more attenuated than an attorney's prediction of a defendant's potential sentence in an ongoing case. Jones' trial counsel, Greenup, was in no position to predict that Jones' would commit a federal crime, that he would be convicted of that crime, and that he would be subject to career offender status. Accordingly, Greenup's failure to advise Jones of a potential federal sentencing enhancement based on his state court conviction does not constitute deficient performance.

Second, Jones' claim that had he known of the potential effect the conviction in 96-CR-0080 would have on a future federal sentence, he would have chosen to go to trial instead of entering a plea of guilty does not satisfy the performance prong of Strickland. Even though the threshold Strickland/Hill showing demands a petitioner's affirmative, subjective assertion that proper lawyering would have affected the plea outcome, the concept of reasonable probability is dominated by an objective analysis. Lundy, 2012 U.S. Dist. LEXIS 39553 at *17. The Sixth Circuit has recently elaborated that, a in a guilty-plea context, a habeas petitioner cannot establish Strickland prejudice

7

resulted " merely by telling us now that [he] would have gone to trial then if [he] had gotten different advice. The test is objective, not subjective; and thus, to obtain relief a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Lundy, 2012 U.S. Dist. LEXIS 39553 at *17-*18 (*quoting* Pilla v. United States, 668 F.3d 368,at *3-*4 (6th Cir. 2012), Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010)). Jones' mere assertion that he would have insisted on going to trial in 96-CR-0080 does not convince the Court that, under the circumstances, he would have rationalized rejecting the plea in 96-CR-0080 in hopes of acquittal so that he could avoid classification as career offender in any *potential*, subsequent federal prosecution. This argument is unpersuasive. Moreover, it is also inconsequential. Because Jones committed a third qualifying felony offense, attempted murder in case 03-CR-00046, he would have been classified as a career offender at federal sentencing even without his 96-CR-0080 conviction.[3] [*See* 5:10-78-KSF-12 Record No. 449]. Accordingly, Jones has also failed to make a showing of any prejudice.

Without establishing both prongs of Strickland, Jones has failed to meet his burden of proving a violation of his constitutional rights. Thus, his claim provides no basis for habeas relief.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, it is recommended that Jones' § 2254 petition [Record No. 1] be DENIED. Although the Court has addressed the merits of Jones' petition, this

---

[3] A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. 4B1.1 In overruling Jones' objection to being classified as a career offender at his federal sentencing, the district court noted that Jones' two prior drug felony convictions, 96-CR-0008 and 96-CR-0080, were properly counted in Jones' career offender calculation under U.S..S.G. 4A1.2(a)(2), as well as that Jones' prior attempted murder conviction was properly counted in the calculation pursuant to U.S.S.G. 4B1.2(a) application note 1.

8

recommendation does not constitute a waiver of his obligation to pay a $5.00 filing fee to bring this action. Jones is hereby put on notice that the failure to pay the $5.00 filing fee may constitute independent grounds for dismissal.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed March 26, 2013.

Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge