UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| DEMARCUS HAMILTON JONES, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 5:13-66-GFVT |
| | ) | |
| V. | ) | |
| | ) | **ORDER** |
| J.C. HOLLAND, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

This matter is before the Court upon Petitioner Demarcus Jones' *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [R. 1.] Consistent with local practice, this matter was referred to Magistrate Judge Edward B. Atkins, who filed a Report and Recommendation with the Court on March 26, 2013. [R. 2.] In this Report, Judge Atkins recommends that Jones' petition be denied for failure to prove a violation of his constitutional rights based on ineffective assistance of counsel.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Report and Recommendation or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the Report and Recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy.

1

*Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Jones filed timely objections to Judge Atkins' Report. [R. 3.] As Rhodes is proceeding *pro se*, the Court acknowledges its duty to review his filings under a more lenient standard than the one applied to attorneys. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Even under the more lenient standard, however, Mr. Jones' sole substantive objection to the Report is vague and repetitive. Despite the fact that the objection does not appear sufficiently definite to trigger this Court's obligation to conduct a *de novo* review, *see* 28 U.S.C. § 636(b)(1)(c), the Court has satisfied that duty and reviewed the entire record as well as the relevant case law, statutory authority, and applicable procedural rules. After careful review, the Court will ADOPT the Magistrate's Report and Recommendation and DENY Mr. Jones' objections.

In his initial habeas petition, Jones raised one issue: ineffective assistance of counsel in connection with Kentucky, Bourbon Circuit Court case number 96-CR-0080. [R. 1-3.] Jones argues that his counsel for that proceeding, Lee Greenup, failed to explain to him that a conviction in the case could affect him later in life for the purposes of federal sentencing. If he knew that he could one day be sentenced as a Career Offender under the United States Sentencing Guidelines, Jones argues, he would not have pled guilty in case 96-CR-0080 to first degree trafficking in a controlled substance.[1] At the time of Jones' guilty plea in case 96-CR-0080—February 11, 1997—no federal charges against Jones existed.

In the Report and Recommendation, Judge Atkins explained that Jones' ineffective assistance of counsel allegations fail to satisfy the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the Report explains that Jones has not satisfied the deficiency prong

---

[1] In 2010, Jones was charged with several federal drug trafficking crimes. Based on his prior state felony drug convictions—in case number 96-CR-0080 described above and in case number 96-CR-0008—as well as his prior attempted murder conviction in Kentucky case 03-CR-00046, Jones qualified as a Career Offender under U.S.S.G. §4B1.1 during sentencing.

of *Strickland*. *See Strickland*, 466 at 687 ("First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment."). Citing various cases for support, the Report explains that "Greenup's failure to advise Jones of the *potential* enhancement his state court conviction *could* have on an *uncommitted* federal crime does not constitute deficient performance." [R. 2 (emphasis in original).] Next, the Report states that Jones failed to satisfy the second prong of *Strickland*, prejudice to the defendant. *See Strickland*, 466 U.S. at 687 ("Second, the defendant must show that the deficient performance prejudiced the defense."). The test used to analyze this prong is objective, not subjective, and the Report concludes that there is no objective evidence suggesting Jones would have rejected the plea in 96-CR-0080 to avoid classification as a Career Offender in any potential, future federal prosecution. Further, the Report notes that, even without the guilty plea in 96-CR-0080, the Court could have found that Jones qualified as a Career Offender based on his other felony drug conviction and an attempted murder conviction.[2]

In his Opposition to Magistrate Report and Recommendation [R. 3], Jones disputes Judge Atkins' conclusions. Jones argues that the second prong of the *Strickland* test is, indeed, satisfied and that, had he been properly advised, he could have made a rational and intelligent decision to proceed to trial. Jones also appears to take issue with the Magistrate's analysis of the first *Strickland* prong. Jones states:

> Mr. Greenup knew or should have known from Petitioner's criminal history background that he had the proclivity of committing further crimes and therefore should have warned petitioner of any future consequences of his plea from an objective point of view. . . . This test is clear because no reasonable person in

---

[2] U.S.S.G. §4B1.1 allows a finding of Career Offender where (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

>petitioner's position would have pled guilty in the state knowing that in the federal court for this conviction he could receive 262 months as a career offender.

[R. 3.]

The Court finds that Jones' counsel could not be expected to predict the future. While counsel does have a responsibility to inform a defendant of certain potentially unintended consequences of entering into a plea agreement, *see Padilla v. Kentucky*, 559 U.S. 356, 368-69 (2010) (finding deficient representation where counsel failed to advise defendant of automatic deportation upon conviction), the Court agrees with Judge Atkins that counsel's representation in this case was not ineffective.  Persuasive law from other circuits suggests that failing to account for Career Offender status is not deficient performance, and Jones' conclusory objections to Judge Atkins' Report do not convince the Court to reach a different finding.  *See, e.g., United States v. Barnes*, 83 F.3d 934, 940 (7th Cir. 1996); *Thomas v. United States*, 27 F.3d 321 (8th Cir. 1994).  After a full examination of the record, the Court agrees with the Magistrate Judge's Report and Recommendation.  Furthermore, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Jones' § 2254 motion debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1.  The Magistrate Judge's Report and Recommendation [R. 2] as to Demarcus Hamilton Jones is **ADOPTED** as and for the Opinion of the Court;

2.  Jones' § 2254 petition [R. 1] is **DENIED**, and his Objections [R. 3] are **OVERRULED**; and

3.  **JUDGMENT** in favor of the Respondent will be entered contemporaneously

herewith.

This the 13th day of November, 2015.

Gregory F. Van Tatenhove
United States District Judge